UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANETIRONY CLERVRAIN, *et al*.,

                    Plaintiff,

v.

GARY PETERS, *et al*.,

                    Defendants.

_____/

Case No. 4:22-cv-10743
District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S COMPLAINT (ECF No. 1) and CONCURRENTLY FILED MOTIONS (ECF Nos. 2, 3, 4, 5, 6)

**I.      RECOMMENDATION**: The Court should **DISMISS** Plaintiff's complaint (ECF No. 1), consistent with 28 U.S.C. § 1915(e)(2)(B).  If the Court adopts this recommendation, then Plaintiff's concurrently filed motions (ECF Nos. 2, 3, 4, 5, 6) will be extinguished.

**II.     REPORT**

### A.      Background

On September 30, 2011, Manetirony Clervrain was adjudicated guilty of conspiracy to commit mail and wire fraud.  *United States of American v. Clervrain*, Case 1:11-cr-20074-JIC (S.D. Fl.), Case 0:11-cr-60173-JIC (S.D. Fl.).  Plaintiff was released from federal custody on August 29, 2019.  (*See* www.bop.gov (last visited Oct. 7, 2022).)

As this Court recognized in April 2021 in another matter, "Plaintiff is a frequent litigator, having 'filed more than 100 cases in federal court, most of which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.'" *Clervrain v. Schuette*, No. 20-13446, 2021 WL 9455356, at *1 (E.D. Mich. Apr. 22, 2021) (Goldsmith, J.) (*quoting Clervrain v. Cuccinelli*, No. 20-CV-989-BBC, 2020 WL 6702003, at *1 (W.D. Wis. Nov. 13, 2020)).  More recently, another court noted:  "A review of PACER confirms Plaintiff is no stranger to the federal courts, having filed <u>over 300 cases and appeals</u> in federal courts nationwide." *Clervrain v. Keller*, No. 3:19-CV-1118-K-BK, 2022 WL 1228208, at *1 (N.D. Tex. Apr. 26, 2022).  Several of these have been in the Eastern District of Michigan. *See* Case Nos.: 20-13431, 20-13446, & 22-10774.

### B.   Proceedings *in forma pauperis* (28 U.S.C. § 1915) and screening (28 U.S.C. § 1915A)

Plaintiff initiated the instant lawsuit on April 2, 2022.  (ECF No. 1.)  The caption of Plaintiff's complaint lists fifty-two (52) Plaintiffs and thirty-six (36) Defendants.  (ECF No. 1, PageID.1.)  Along with his complaint, he filed various motions.  (ECF Nos. 2, 3, 4, 5, 6.)

On October 7, 2022, Judge Kumar granted Plaintiff's application to proceed *in forma pauperis* (*see* ECF No. 2, PageiD.32-36) and referred this case to me for general case management, specifically requesting that I screen the complaint to

determine if it should be summarily dismissed under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a). (ECF Nos. 9, 10.) In pertinent part, the *in forma pauperis* statute directs the Court to "dismiss the case at any time if the court determines" that it "is frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(i),(ii).

### C. Plaintiff's complaint does not comply with Fed. Rules Civ. P. 11(a) and 10(b).

Plaintiff used a form "Complaint for Violation of Civil Rights." Still, the arrangement of Plaintiff's pleading is problematic in at least two respects. First, "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). The caption of Plaintiff's complaint lists fifty-two (52) Plaintiffs. (ECF No. 1, PageID.1.) "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a) (emphasis added). Here, only Plaintiff has signed the complaint. (ECF No. 1, PageID.13.) Moreover, as best the Court can tell, Plaintiff is not admitted to practice before this Court,[1] and, while the pleading refers to Plaintiff "as the Attorney in record to li[ti]gate [o]n behalf of the class without signature if the other plaintif[f] has giv[en] him the right of General Power of Attorney to conduct[] business . . . [,]" (ECF No. 1, PageID.7), Plaintiff

---

[1] (*See* http://www.mied.uscourts.gov/index.cfm?pagefunction=AdmissionCheck.)

should be aware of the consequences of such status.  *See Clervrain v. Jeffreys*, No. 22-CV-571-DWD, 2022 WL 912029, at *2 (S.D. Ill. Mar. 29, 2022) ("The Court must also warn Clervrain that he is not admitted to practice before this Court and the Court will not encourage or sanction the unauthorized practice of law.").

However, even if the Court dismissed the fifty-one (51) Plaintiffs who have not signed the complaint and permitted this case to advance on Plaintiff Clervrain's claims against the thirty-six (36) Defendants, there would still remain a second issue with the complaint's arrangement.  "A party must state its claims or defenses in <u>numbered paragraphs</u>, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b) (emphasis added).  Here, the seven substantive pages of Plaintiff's complaint are neither numbered nor in paragraph form.  (*See* ECF No. 1, PageID.5-7, 9-12.)  Indeed, the page-long allegations may complicate a defendant's ability to file an answer.  (*See, e.g.*, ECF No. 1, PageID.5, 7, 9).  *See also* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."); *Brown v. City of Long Branch*, 380 F. App'x 235, 240 (3d Cir. 2010) ("Because Brown's allegations are not set forth in numbered paragraphs as required by Rule 10(b), our ruling is without prejudice to defendants' ability to renew their Rule 12(e) motion

to seek compliance with Rule 10(b) if they believe that Brown's noncompliance

prejudices their ability to answer.").[2]

**D.     Plaintiff's complaint does not comply with Fed. R. Civ. P. 8(a)(2).**

The content of Plaintiff's complaint is also difficult to decipher.  "A

pleading that states a claim for relief must contain:

> (1)    a short and plain statement of the grounds for the court's
>        jurisdiction, unless the court already has jurisdiction and the
>        claim needs no new jurisdictional support;
>
> (2)    a short and plain statement of the claim showing that the
>        pleader is entitled to relief; and
>
> (3)    a demand for the relief sought, which may include relief in the
>        alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Plaintiff has arguably complied with two of these requirements, because he

describes bases for jurisdiction (*see* ECF No. 1, PageID.4-7) and the relief sought

(*id*., PageID.11-12).  However, Plaintiff's complaint does not contain "a short and

---

[2] Incidentally, albeit less fatal to a Defendant's ability to answer the complaint, Plaintiff's pleading is single-spaced.  The Local Rules of this Court provide:  "All papers must be on 8 ½ x 11 inch white paper of good quality, plainly typewritten, printed, or prepared by a clearly legible duplication process, and <u>double-spaced</u>, except for quoted material and footnotes. Margins must be at least one inch on the top, sides, and bottom. Each page must be numbered consecutively. This subsection does not apply to exhibits submitted for filing and documents filed in removed actions before removal from the state courts."  E.D. Mich. LR 5.1(a)(2) ("Format.") (emphasis added).

plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).

Preliminarily, of the thirty-six Defendants listed in the caption, Plaintiff only identifies four:  (1) Gary Peters, a United States Senator; (2) Debbie Stabenow, a United States Senator; (3) Dana Nessel, Michigan's Attorney General; and, (4) Andy Levin, a United States Representative.  (ECF No. 1, PageID.1-3.)  While many are aware that Jocelyn Benson is Michigan's Secretary of State, Plaintiff's failure to identify the remaining parties leaves the reader guessing as to the roles of the other thirty-one (31) Defendants.

More to the point, Plaintiff's apparent "statement of claim" is difficult to decipher, because his responses to the three subsections are not helpful.  (*See* ECF No. 1, PageID.8-10.)  First, the form asks, "Where did the events giving rise to your claim(s) occur?"  (*Id*., PageID.8.)  While he alleges "[t]he event occurred after release from [p]rison," and further alleges that "the defendants discriminated against him," he also alleges Defendants "failure to ratify the laws is the proximate cause of the injuries infacts [sic] or attempt to closed his bank account by Chase is presention [sic] for justification without justification, pending to prove with evidence as part [of] the controversies against control theoy [sic][.]"  (ECF No. 1, PageID.9.)  This is nonsensical.  In multiple places, there are "asks," such as:

- Plaintiff "is asking international extradition against the various politicians, by invoking the Uniform Criminal Extradition Act ("UCEA")[.]"

- He alleges "[t]he extradition statute implements a provision of the United States Constitution, the failure by the defendants to invade Haiti by technicality will justify their actions, or for additional damaged pending to apply right democracy by promoting economic growth," and then states, "we [are] asking each of the courts why? why $ 500 Billion Dollars should not be granted[?]"

- Plaintiff also asks "why . . . the courts should not certify the cases within 30 days to remove his pauperis Status so that he can hire[] additional in[di]viduals with different set[s] of skills to help [in the] process of development of the ["World Educative Science Association"] ("WEDSA") a subdivision of ["Brandako, Inc"] which, like their modern counterparts, granted inventors 'the right to exclude others from making, using, offering for sale, selling, or importing the patented invention,' in exchange for full disclosure of an invention that must be managed by ["Prolifico, Inc"][?]

- Plaintiff additionally asks "if we must freeze asset[s] of those involved in the conspiracies, particular[rl]y those criminals involved in crimes against Humanity in the republic of Haiti, and United States Agencies to release another 100 Million[] doll[a]rs against each [of] the Millions . . . in Haiti, regar[d]less where they have they funds, from the records, or evidence the funds will lead to Haitians Democracy after certain year[s] of Occupation by the United States of America by applying legal, democracy rights[?]"

(*Id*.)  These asks are a confusing labyrinth.  Plaintiff additionally mentions prior

cases, amidst which he alleges "this court contin[u]ou[s]ly abused its discretion by

fail[ing] to consider the claims against the defendants discriminatory intent . . . ." [3] (ECF No. 1, PageID.9.)  This, too, is puzzling.  In sum, this portion of Plaintiff's pleading "consists of long sentences which are difficult to follow and make little sense." *Schuette*, 2021 WL 9455356, at *3.

The form complaint next asks, "What date and approximate time did the events giving rise to your claim(s) occur?"  Plaintiff does not provide a date or time; instead, he appears to reference several of his other cases, such as *Clervrain, et al. v. United States of America, et al.*, Case No. 0:21-cv-62266-RKA (S.D. Fl.); *Clervrain v. Richardson*, Case No. 21-2131 (Fed. Cir.), as well as *Clervrain v. Sessions, et al.*, Case No. KS/5:18-cv-03039 (MDL No. 2860), and *Clervrain v. Scott*, Case No. KS/5:18-cv-03041 (MDL No. 2860).  (ECF No. 1, PageID.10.)

Finally, the form asks, "What are the facts underlying your claim(s)?"  (*Id.*) Yet, instead of answering the example prompts – *i.e.*, explaining what happened to him, who did what, whether anyone else was involved, or who else saw what happened – Plaintiff seems to reference the Immigration & Nationality Act (INA), cite the standard for a motion for summary judgment (Fed. R. Civ. P. 56), and state:

---

[3] Plaintiff specifically references *Clervrain v. Scott*, Case No. KS/5:18-cv-03041 (MDL No. 2860); *Clervrain v. United States of America, et al.*, Case No. KS/5:17-cv-03194 (MDL No. 2860); *Clervrain v. Sessions, et al.*, Case No. KS/5:18-cv-03039 (MDL No. 2860); and *Clervrain v. Booth*, Case No. 21-2134 (Fed. Cir.). (ECF No. 1, PageID.9.)

8

> . . . we are asking for the court to compel the agencies action
> in[cl]uding why the defendants should release the administrative
> records concerning their practices of exclusion against the activist,
> which he has established a prima facie case of discrimination, even
> given the low threshold of evidence required to do so, we need not
> resolve this question definitively.

(ECF No. 1, PageID.10.)  Again, this is impossible to follow, and it is hardly a

factual allegation to which a defendant could be expected to respond.  The goal of

the complaint is to "'give the defendant fair notice of what the … claim is and the

grounds upon which it rests[.]'"  *Bell Atlantic Corp. v. Twombl*y, 550 U.S. 544,

555 (2007) (quoting *Conley* v. *Gibson,* 355 U.S. 41, 47 (1957)).  This goal is not

met here by any stretch of the imagination.

Plaintiff's answers to the "Statement of Claim" questions do not provide "a

short and plain statement of the claim showing that the pleader is entitled to

relief[,]" Fed. R. Civ. P. 8(a)(2).  Accordingly, the pleading "fail[s] to state a claim

upon which relief can be granted[,]" Fed. R. Civ. P. 12(b)(6), and the Court should

dismiss Plaintiff's complaint, consistent with 28 U.S.C. § 1915(e)(2)(B)(ii).  Of

course, the Court could also consider whether Plaintiff's complaint "is frivolous or

malicious[,]" in which case it could be dismissed consistent with 18 U.S.C. §

1915(e)(2)(B)(i).  *See, e.g.*, *Clervrain v. Marshall*, No. 3:21-CV-00316-GCM,

2022 WL 1542149, at *2 (W.D.N.C. May 16, 2022) ("The Court concludes that a

pre-filing review system is the most narrowly tailored sanction available, balancing

Plaintiff's right of access to the courts with the need to reduce the burdens associated with his frivolous litigation."); *Clervrain v. McMaster*, No. 6:21-CV-00021-SAL, 2021 WL 2582216, at *2 (D.S.C. June 23, 2021) (dismissing matter "without prejudice, without issuance and service of process, and without leave to amend[,]" and sanctioning Plaintiff $402.00 "for filing this frivolous action."). "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (plaintiff was neither a prisoner nor proceeding IFP). *See also Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (in an *in forma pauperis* proceeding discussing frivolity or maliciousness under what is now 28 U.S.C. § 1915(e)(2)(B)(i), "[e]xamples of [clearly baseless factual contentions] are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."). Here, to the extent it is at all comprehensible, it is not difficult to conclude that the complaint presents allegations that are "totally implausible, attenuated, unsubstantial, frivolous [and] devoid of merit," *Glenn*, 183 F.3d at 479, and I do recommend such a finding. However, the Court need not do so here if it simply agrees that the complaint should be dismissed for "failure to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

10

### E.     Conclusion

As set forth above, Plaintiff's pleading, as presented, does not comply with

Fed. Rules Civ. P. 11(a), 10(b), and 8(a)(2).  Therefore, the Court should

**DISMISS** Plaintiff's complaint (ECF No. 1), consistent with 28 U.S.C. §

1915(e)(2)(B).  If the Court adopts this recommendation, then Plaintiff's

concurrently filed motions (ECF Nos. 2, 3, 4, 5, 6) will be extinguished.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No.

2," *etc*.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc*.  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

Dated:  October 19, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE